The People of the State of Illinois ex rel. Maclay Hoyne, State's Attorney, Appellant, v. Harry M. Fisher, Judge, Appellee.

Gen. No. 21,753. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed November 8, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by the People of the State of Illinois ex rel. Maclay Hoyne, State's Attorney, plaintiff, against Harry M. Fisher, Judge of the Municipal Court, in the Circuit Court of Cook county, praying for leave to file a petition in mandamus against the defendant, commanding him to grant leave to relator to file a criminal information against one Jacob L. Kesner, charging a violation of section 24 of the General Revenue Act of the State (J. & A. ¶ 9234). From an order denying such petition, plaintiff appeals.

MACLAY HOYNE, for appellant.

RICHARD S. FOLSOM, for appellee; JOHN E. FOSTER, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. TAXATION, § 19*—*Act of 1898 as providing new system for assessment of property.* The Act of 1898 (J. & A. ¶¶ 9516-9576) was intended to provide a new system for the assessment of property and not to amend the General Revenue Act, and as to that subject it is substantially complete in itself, constituting an entire plan for making the assessment.

2. STATUTES, § 146*—*when new statute prevails over old one.* Where the Legislature frames a new statute upon a certain subject-matter with an evident intention to revise the whole subject-matter legislated upon, there is in effect a legislative declaration that whatever is embraced in the new statute shall prevail, and that whatever is excluded is discarded, and that the provisions of the new law shall be substituted for those of the old.

3. TAXATION, § 19*—*what portions of general revenue law are superseded by the Act of 1898.* The language of section 55 of the Act of 1898 (J. & A. ¶ 9572), providing that "all the provisions of the general revenue law in force prior to the taking effect of this act shall remain in force * * * except in so far as by this act is otherwise expressly provided," does not mean that every section of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the general revenue law in force prior to the taking effect of the Act of 1898 shall remain in force unless the later act expressly provides otherwise, but also means that wherever the later act legislates on the subject-matter of the earlier, the earlier act shall fall, and such legislative intent is as clearly indicated thereby as though there were an express provision that the earlier law should not remain in force.

4. TAXATION, § 199*—*when statute provides penalty for refusal to make and swear to schedule.* The provision in the Act of 1898 (J. & A. ¶ 9534) that on the refusal of a person to make and swear to a schedule of his property for taxation, the assessor shall list his property and add to the valuation an amount equal to fifty per cent. of such valuation, provides a penalty for such refusal.

5. STATUTES, § 152*—*when statute imposing penalty is repealed by implication.* Where there are two statutes imposing a penalty and the penalty imposed by one is not the same as that imposed by the other, the later statute repeals the earlier by implication.

6. MANDAMUS, § 16*—*when petition for leave to apply for writ properly denied.* Rev. St., ch. 120, sec. 24 (J. & A. ¶ 9238), providing that one required by law to list personal property who shall refuse, neglect or fail when requested by the proper assessor to do so shall be guilty of a misdemeanor, *held* repealed by implication by Act of 1898, sec. 19 (J. & A. ¶ 9534), providing that on the refusal of a person to make and swear to a schedule of his property therein required, the assessor shall list his property and add to the valuation an amount equal to fifty per cent. of such valuation, and hence a petition for a writ of mandamus to compel a judge to grant leave to file an information charging an offense under the act, is properly denied.